## CRIMINAL COMPLAINT
**(Electronically Submitted)**

| **United States District Court** | DISTRICT of ARIZONA |
|---|---|
| **United States of America**<br>**v.**<br>**Furshawn Gile Nichols**<br>DOB: 2003; United States Citizen | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br><br>**24-04834MJ** |

Complaint for violation of Title 18, United States Code, §§ 922(g)(1) and 924(a)(8)

**COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION**:

Beginning at a time unknown, but no earlier than January 2023, and no later than May 8, 2024, at or near Tucson, in the District of Arizona, **Furshawn Gile Nichols**, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit: one (1) Palmetto State Armory, model PA-15, 5.56 caliber rifle, said firearm having been shipped and transported in interstate or foreign commerce; all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

**BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED**:

On May 8, 2024 a search warrant was served by the Tucson Police Department (TPD) in the 100 block of N. Pantano, the residence of a M. B., reference an unrelated shooting which occurred on December 4, 2023. During the execution of the search warrant, TPD officers located an AR-style rifle in a rifle bag found in M. B.'s closet. This firearm was later determined to be a Palmetto State Armory, model PA-15, 5.56 caliber rifle. The firearm's upper receiver and lower receiver were detached from each other, and the collapsible buttstock had been removed. M. B. was interviewed by TPD and acknowledged the AR-15 was in his closet but denied ownership and would not tell the investigating detective who the firearm belonged to. The recovered firearm was later sent to the Tucson Police Crime Lab for latent print and DNA processing. The latent processing was completed, and several latent prints were recovered and uploaded into AFIS. The AFIS search returned with a match for **Furshawn Gile Nichols**. Law enforcement researched information regarding the firearm and learned that it was originally sold in January 2023. This date means that this firearm would not have been in public circulation until after **Nichols** was a previously convicted felon. The firearm was later sent to the TPD Firearms Lab where it was assembled, and test-fired without issue. An ATF special agent confirmed that the firearm was not made in Arizona and therefore affected interstate commerce.

A records check showed **Nichols** was previously convicted of Attempted Possession of a Deadly Weapon by a Prohibited Possessor, a Class Five Felony, on August 22, 2022, in the Pima County Superior Court, case number CR20210120. **Nichols** was also convicted of Solicitation to Possess a Deadly Weapon by a Prohibited Possessor, a Class Six undesignated offense, on January 6, 2020, in the Pima County Superior Court, case number CR20194569, and later designated a Class Six felony on August 22, 2022. These convictions are felony offenses punishable by imprisonment for a term exceeding one year.

MATERIAL WITNESSES IN RELATION TO THE CHARGE:   N/A

| DETENTION REQUESTED | SIGNATURE OF COMPLAINANT |
|---|---|
| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge.<br><br>AUTHORIZED BY AUSA *A. Rossi*___ *Digitally signed by ADAM ROSSI Date: 2024.08.12 12:39:14 -07'00'* | <br><br>OFFICIAL TITLE<br>FBI TFO/TPD Det. Edward Harper |

**Sworn by telephone  _x_ _**

| SIGNATURE OF MAGISTRATE JUDGE[1] | DATE<br>August 12, 2024 |
|---|---|

[1] See Federal Rules of Criminal Procedure Rules 3, 4.1, and 54.